## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ROXANNE M. GEORGE, | ) | |
| | ) | CASE NO. 4:14-cv-2091 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Roxanne M. George ("George") challenges the final decision of the Acting Commissioner of Social Security, Carolyn W. Colvin ("Commissioner"), denying George's claim for a Period of Disability ("POD") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, *et seq*.  This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is AFFIRMED.

### I.  Procedural History

On October 20, 2011, George filed an application for POD and DIB alleging a disability onset date of October 1, 2005.  (Tr. 59.)  Her application was denied both initially and upon reconsideration.  George timely requested an administrative hearing.

On July 23, 2013, an Administrative Law Judge ("ALJ") held a hearing during which

George, represented by counsel, and an impartial vocational expert ("VE") testified.  (Tr. 59.)
On August 14, 2013, the ALJ found George was able to perform a significant number of jobs in
the national economy and, therefore, was not disabled.  (Tr. 64.)  The ALJ's decision became
final when the Appeals Council denied further review.

## II.  Evidence

### Personal and Vocational Evidence

Age fifty-one as of her date last insured ("DLI"), George is a "person closely approaching
advanced age" under social security regulations.  *See* 20 C.F.R. § 404.1563(d).  (Tr. 61, 64.)
George has a limited education and past relevant work as a packager, Dictionary of Occupational
Titles ("DOT") § 920.587-018.  (Tr. 64.)

## III.  Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the
time of disability and must prove an inability to engage "in substantial gainful activity by reason
of any medically determinable physical or mental impairment," or combination of impairments,
that can be expected to "result in death or which has lasted or can be expected to last for a
continuous period of not less than 12 months."  20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).[1]

---

[1]  The entire process entails a five-step analysis as follows: First, the claimant must not be
engaged in "substantial gainful activity."  Second, the claimant must suffer from a "severe
impairment."  A "severe impairment" is one which "significantly limits ... physical or mental
ability to do basic work activities."  Third, if the claimant is not performing substantial gainful
activity, has a severe impairment that is expected to last for at least twelve months, and the
impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404,
Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work
experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000).  Fourth, if the claimant's
impairment does not prevent the performance of past relevant work, the claimant is not
disabled.  For the fifth and final step, even though the claimant's impairment does prevent
performance of past relevant work, if other work exists in the national economy that can be

A claimant is entitled to a POD only if: (1) she had a disability; (2) she was insured when she became disabled; and (3) she filed while she was disabled or within twelve months of the date the disability ended.  42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

George was insured on her alleged disability onset date, October 1, 2005 and remained insured through September 30, 2008, her DLI.  (Tr. 59, 61.)  Therefore, in order to be entitled to POD and DIB, George must establish a continuous twelve month period of disability commencing between these dates.  Any discontinuity in the twelve month period precludes an entitlement to benefits.  *See Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir. 1988); *Henry v. Gardner*, 381 F. 2d 191, 195 (6th Cir. 1967).

## IV.  Summary of Commissioner's Decision

The ALJ found George established medically determinable, severe impairments, due to "degenerative changes of the cervical spine, status post fusion, degenerative changes of the lumbar spine, cervical radiculopathy, Hepatitis C, GERD, lumbago, lumbar disc displacement, hernia, cholecystitis, cirrhosis and alcohol abuse."  (Tr. 61.)  However, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  George was found incapable of  performing her past relevant work, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of light work.  (Tr. 62, 64.)  The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that George was not disabled.  (Tr. 64-66.)

## V.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the

---

performed, the claimant is not disabled.  *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th

4

Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI.  Analysis

At the outset, it is noted that George has completely failed to file a brief complying with this Court's Supplemental Initial Order, which required the following:

> Plaintiff's brief shall first set forth a list of "Legal Issues," followed by a recitation of "Facts," and then an "Argument" or "Analysis" section**.  In the "Facts" section, the brief shall cite the relevant transcript page numbers** .... For instance, a citation to a medical finding contained on a single page of a 20 page Exhibit must cite to the specific page, not generally to the 20 pages of the Exhibit.  **All facts relevant to the legal issues and discussion must be set forth in the "Facts" section**.

(ECF No. 5.)

George's Brief contains no discussion of the facts.  (ECF No. 13.)  This is not the first

instance where counsel for Plaintiff, John A. McNally, III, has ignored this Court's Initial Order and failed to include any discussion of the facts.  *See, e.g., Gray v. Comm'r of Soc. Sec.*, Case No. 4:09-cv-01468.  Mr. McNally has also ignored similar orders from another Court of this District.  *See Carpenter v. Colvin*, Case No. 4:14-cv  01081, ECF No. 21 at 2 ("Contrary to this Court's initial order, Plaintiff did not include a Statement of Facts section in her Brief on the Merits, nor did she incorporate any relevant medical evidence in her Argument section.")[2]

Even more troubling than the failure to include any recitation of the facts is the failure to include anything resembling a legal argument.  Again, this is not the first instance where counsel has failed to develop a legal argument in a social security action.  *See, e.g., Jackson v. Colvin*, 2013 U.S. Dist. LEXIS 95464 at **11-12 (N.D. Ohio, Jul. 9, 2013) ("Plaintiff's briefing in this case contains virtually no legal argument. That argument that it does contain is inadequate. Plaintiff devotes the bulk of her briefing to transcribing testimony and argument from the administrative hearing, and supporting her request for remand on the basis of amendments to the Listing of Impairments ("Listings"), which she later withdrew."); *Gray v. Comm'r of Soc. Sec.*, Case No. 4:09-cv-01468, ECF No. 20 at 7-8) ("Gray's [b]rief on the merits contains no real argument.  Instead Gray's counsel poses a set of brief questions followed by quotes from the administrative hearing and unexplained references to certain exhibits.")

---

[2]  Mr. McNally was warned that "The Court will not cull through the record and speculate on which portion of the record a party relies; indeed, the Court is not obligated to wade through and search the entire record for some specific facts that might support a party's claims.  *See Centerior Serv. Co. v. ACME Scrap Iron & Metal*, 104 F. Supp.2d 729, 735 (N.D. Ohio 2000) (Gaughan, J.) (*citing InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989)).  The Court expects Plaintiff's counsel to properly set forth all facts relevant to his arguments in future briefs unless otherwise directed by Court order."  (Case No. 4:14-cv-01081, ECF No. 21 at n. 1.)

The bulk of George's brief consists of block quotes of counsel's opening and closing statements from the hearing.  (ECF No. 13 at 3, 5-6.)  Significant portions of the VE's testimony are also quoted without any explanation of its relevance.  (ECF No. 13 at 4-5.)  Most importantly, George has failed to articulate any legal error in the ALJ's decision.  (ECF No. 13.)  It is not the Court's function to develop an argument on George's behalf.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, No. 04-4175, 2006 U.S. App. LEXIS 11680 (6th Cir. May 11, 2006).  In other words, it is insufficient for counsel merely to alert the Court to a potential issue.  Counsel must actually *brief* the issue and compose a legal argument with appropriate citations to legal authority and corresponding analysis.  Furthermore, this Court cannot conduct a *de novo* review, resolve conflicts in the evidence, or decide questions of credibility.  *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984); *Rogers v. Astrue*, 2012 U.S. Dist. LEXIS 24712, 2012 WL 639473 (E.D. Ky. Feb. 27, 2012).  To the extent George's brief amounts to an invitation to review all the medical records and make a *de novo* determination as to her eligibility for disability benefits, this Court declines to do so.

At the end of her brief, George concludes, without argument, that she should have been found disabled pursuant to the Medical-Vocational guidelines, specifically Rule 201.12.  (ECF No. 13 at 6.)  To be disabled under Rule 201.12, an individual must meet all of the following criteria: (1) a maximum sustained work capability limited to *sedentary* work; (2) an individual

7

closely approaching advanced age; (3) a high school graduate; and (4) unskilled or no work experience.  20 C.F.R. § 404, Subpt. P, App. 2, Table No. 1.  While George does appear to meet three of the four criteria as of her fiftieth birthday, the conclusion that she should have been limited to sedentary work is wholly unexplained.  The ALJ, in fact, found George had an RFC for *light* work except that she could only occasionally reach overhead bilaterally, could only occasionally climb ladders, ropes and scaffolds, could frequently climb ramps and stairs, and could frequently stoop and crouch.  (Tr. 62.)  George has not developed any argument demonstrating that the RFC determination was unsupported by substantial evidence.  Her undeveloped argument that Rule 201.12 compels a finding of disability is, therefore, without merit, as it hinges entirely upon a finding that she could perform no more than sedentary work.

The Court deems George's brief totally deficient.  Nonetheless, to the extent raised, the Court finds the argument that she should have been found disabled under Rule 201.12 without merit.

## VII.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence.  Accordingly, the decision is AFFIRMED and judgment is entered in favor of the defendant.

IT IS SO ORDERED.


/s/ Greg White
U.S. Magistrate Judge

Date: July 16, 2015